**James E. ARNOLD, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 80–1164.**

District of Columbia Court of Appeals.

Argued May 12, 1981.

Decided Nov. 9, 1981.

Michael R. Bromwich, Washington, D. C., appointed by this court with whom Michael Fischer, Washington, D. C., was on the brief, for appellant.

Michael S. Pasano, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before KERN, NEBEKER, and PRYOR, Associate Judges.

NEBEKER, Associate Judge:

Arnold appeals a denial by the Superior Court of his collateral attack on his conviction for two rapes. He argues that our en banc decision, affirming by the equally divided ten-judge court, on the question of harmless error,[1] violates the ex post facto proscription of Article I of the Constitution. We hold that the issue whether the conceded error was of constitutional magnitude, so as to trigger that proscription, was specifically concluded by this court upon rejection of the point raised in the dissent. It was thus precluded from redetermination. We affirm.

---

1. *Arnold v. United States*, D.C.App., 358 A.2d 335 (1976) (en banc). The court consisted of its nine active judges and Associate Judge Pair,

Retired, a member of the original three-judge division who participated pursuant to D.C.Code 1973, § 11–705(d).

On appeal from the conviction, Arnold correctly argued that the trial court's failure to instruct on the need to find corroboration of the victims' testimony was error. The en banc decision had two components. We held the error to be harmless and then adopted a prospective rule eliminating the need for corroboration in some cases. It is the nature of our ruling which determined the question now posed.

 Judge Pair wrote for four judges stating, "in our opinion the calculated error was not of constitutional proportions." *Arnold v. United States*, D.C.App., 358 A.2d 335, 341 (1976).[2] In a separate concurring opinion by Judge Nebeker it was concluded that there was no "miscarriage of justice through the conviction of an innocent man," and "no different result can reasonably be foreseen had a corroboration instruction been given." *Arnold v. United States, supra* at 345. Accordingly, there were five judges voting that the error was of non-constitutional proportions and was harmless under the *Kotteakos* test.

On the other hand, Judge Fickling, writing for four judges, concluded the error was prejudicial under the *Chapman* standard. *Arnold v. United States, supra* at 348. Judge Mack arguably concluded to the same effect. *Id.* at 352. As discussed, *infra*, it makes no difference whether she concluded with the five judges that the error was nonconstitutional (but to her reversible) or constitutional in impact—thus dividing the court equally on the nature of error.

 Disposition on review by an equally divided court affirms the judgment on appeal. *Biggers v. Tennessee*, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968). All issues raised or capable of being raised on review of the record on appeal are deemed precluded from further litigation by the familiar rules governing issue preclusion. *Allen v.*

*McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Henderson v. Snider Bros., Inc.*, D.C.App., 409 A.2d 1083 (1979).

 An appellant has the burden on appeal to demonstrate error and prejudice. *Harvey v. United States*, D.C.App., 385 A.2d 36 (1978). Appellant failed to command a majority holding that the failure to instruct on corroboration was error of constitutional proportions. This includes the ex post facto proscription as specifically addressed in Judge Fickling's opinion and implicitly rejected by at least half of the court. We hold that the question was foreclosed in the trial court and before this court now.

*Affirmed.*

---

2. Judge Pair's opinion also found harmless error on the nonconstitutional standard of *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), and then adopted language from *United States v. Compagna*, 146 F.2d 524, 528 (2d Cir. 1944), to the effect that "it appears with certainty that no harm was done." *Arnold v. United States, supra*, at 341. Though we need not dwell on the point, this is arguably an alternative conclusion that the error, if constitutional, was harmless beyond a reasonable doubt under the standard of *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).